By the Court.—Sedgwick, J.
The two most important exceptions argued upon this appeal, cannot be examined upon their merits, because they relate to possible defenses, which are not made by the answer. The first is, that the contract was void as against public policy. At the common law, such a defense might have beemmade, under the general issue, although the defendant was at liberty to plead the illegality specially. It is unnecessary to say whether, under our system of pleading, an illegality sufficient to make a contract void, could be proved under a general denial; for the answer expressly admits the making and existence of the contract and there are no allegations which apprize the plaintiff, that the defendant means to rely upon the nullity of the contract. The second is, that the contract became void by its terms, when at the expiration of sixty days the defendant had not procured the contract for paving Seventh avenue. This defense is not made by the answer, nor is it therein alleged to be the' fact, that the contract was not obtained within that time.
Certain assignments of the patent, for the improved pavement, were admitted in evidence, upon objection, without legal proof of their execution. Their admission was no doubt due to a hasty construction (such as has to be made in the hurry of a trial) of the terms of a stipulation. Their admission was harmless, because the recitals of the contract established all and more than could have been proved by the assignments. The contract recited, as a fact, that the patent had been *189 issued and was owned by the plaintiff. There was no defence in the answer asserting that the plaintiff was not owner, and if there had been, no evidence was offered by defendant to countervail hjs admission in the contract.
The defendant placed a witness on the stand and put to him questions for the purpose of showing that the president of the plaintiff made certain false statements and representations, as alleged by the answer and that the allegations of that part of the answer which related thereto were true. This was properly overruled. The answer made the allegations referred to, not for the purpose of avoiding the contract for fraud, but to show damage in the amount specified. No damages could however be claimed, in the absence of fraud, and there was no allegation of an intent to defraud or its equivalent or offer to prove it. Nor did the defence claim that the contract was made upon a mutual mistake, as to the facts which were asserted by that part of the statements which it was generally alleged were untrue. Nor did the defence allege that, that part of the statements said to be untrue related to material facts (Phillipi v. Conklin, 58 N. Y. 683).
There were other exceptions, which it is unnecessary to state, as they were not important, and we think that the judge was clearly right in the rulings as to which they were made.
The judgment is affirmed wi;h costs.
Monell, Ch. J., concurred.